STATE OF VERMONT

SUPERIOR COURT                                      CIVIL DIVISION
CHITTENDEN UNIT                                     DOCKET NO. 1372-12-13 CnCV

TERESA GADE
    Plaintiff                                       VERMONT SUPERIOR COURT

    v.                                              DEC 3 1 2013

STATE FARM MUTUAL AUTO. INS. CO.                   Chittenden Unit
    Defendant

**COMPLAINT AND DEMAND FOR JURY TRIAL**            RECEIVED
                                                    BURLINGTON, VT

Plaintiff, Tersea Gade, alleges against Defendants as follows:     MAR 1 7 2014
                                                    2:14 cv 48
Parties, Jurisdiction and Venue                    CLERK'S OFFICE
                                                    U.S. DISTRICT COURT

1.    Plaintiff Teresa Gade is a resident of Williston, Vermont

2.    Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") is an insurance

      company domiciled in Illinois and doing business in Vermont.

3.    Jurisdiction and venue are proper in this court because Plaintiff resides in this county.

Claims Arising from January 3, 2008 Collision

4.    On January 3, 2008, Plaintiff was driving an Acura automobile westbound on E. Spring

      Street in Winooski.

5.    Plaintiff stopped at the stop sign at the intersection of E. Spring Street and Russell Street.

      As she was stopped, Plaintiff's car was struck from the rear by another vehicle.

6.    The driver of the other vehicle drove off from the scene of the collision before operator

      license, vehicle registration, or automobile insurance information was exchanged.

TODD D. SCHLOSSBERG
ATTORNEY AT LAW
74 MAIN STREET
P.O. BOX 984
BURLINGTON, VT 05402

1

7.   The driver of the other vehicle was never identified.

8.   As a result of the January 3, 2008 collision, Plaintiff sustained injury to her cervical spine.

9.   After the collision, Plaintiff experienced worsening cervical spine symptoms, including neck pain and radiating upper extremity pain and numbness.

10.  From March to April, 2008, Plaintiff underwent physical therapy for her cervical spine symptoms.

11.  From April to June, 2008, Plaintiff underwent three cervical epidural spine injections.

12.  On September 29, 2008, at age 41, Teresa underwent C6-C7 cervical discectomy and fusion surgery.

13.  The September 29, 2008 cervical spine surgery provided nearly-complete relief from the cervical spine symptoms.

14.  As of January 3, 2008, Plaintiff was covered under multiple policies of automobile insurance issued by Defendant in the State of Vermont.

15.  As of January 3, 2008, there was in effect a State Farm auto insurance policy with a policy # 8 9369-A10-45H.

16.  State Farm's policy # 8 9369-A10-45H included provisions for uninsured motorist benefits.

17.  Plaintiff was covered as an insured person under State Farm's policy # 8 9369-A10-45H.

18.  As of January 3, 2008, there was in effect a State Farm auto insurance policy with a policy # V00 0907-D28-45G.

19.  State Farm's policy # V00 0907-D28-45G included provisions for uninsured motorist

2

benefits.

20.   Plaintiff was covered as an insured person under State Farm's policy # V00 0907-D28-45G.

21.   As of January 3, 2008, there was in effect a State Farm auto insurance policy with a policy # 4 6897-F29-45A.

22.   State Farm's policy # 4 6897-F29-45A included provisions for uninsured motorist benefits.

23.   Plaintiff was covered as an insured person under State Farm's policy #4 6897-F29-45A.

24.   As of January 3, 2008, there was in effect a State Farm auto insurance policy with a policy # 19 3616-D17-45.

25.   State Farm's policy # 19 3616-D17-45 included provisions for uninsured motorist benefits.

26.   Plaintiff was covered as an insured person under State Farm's policy # 19 3616-D17-45.

27.   State Farm has never disputed that Plaintiff is covered under the under-insured motorist insurance provisions of the above four policies.

28.   The unidentified driver was legally responsible for the January 3, 2008 collision and for any injuries and damages sustained by Plaintiff as a result of the collision.

29.   The unidentified driver of the other vehicle qualifies as an "uninsured motorist" for the purposes of uninsured motorist coverage under the Gade auto policies with State Farm.

30.   As a result of the cervical spine injury caused by the January 3, 2008 collision, Plaintiff suffered pain, impairment, loss of function, permanent bodily injury, and loss of enjoyment of life, and incurred medical bills and lost income.

31.     Plaintiff requested payment of under-insured motorist insurance benefits in connection
        with the injuries sustained in the January 3, 2008 collision.

32.     In a November 18, 2011 letter to Plaintiff's counsel, Defendant advised that it would not
        pay uninsured motorist benefits to Plaintiff in connection with the January 3, 2008
        collision.

33.     In its November 18, 2011 letter, Defendant, through its claims representative, Armando
        Bermudez, stated: "We cannot at this time make any offers of settlement."

34.     As of November 18, 2011, Defendant State Farm had not sought or obtained any medical
        opinion or medical report from a licensed medical or health care provider stating that
        Plaintiff sustained no injury to her cervical spine as a result of that collision.

35.     As of the date of this Complaint, Defendant had not sought or obtained any medical
        opinion or medical report from a licensed medical or health care provider stating that
        Plaintiff sustained no injury to her cervical spine as a result of that collision.

36.     In a letter to Plaintiff's counsel dated November 16, 2011, Defendant's claims
        representative stated that there existed "two applicable policies at the time of the [January
        3, 2008] loss" that could provide potential uninsured motorist insurance benefits to
        plaintiff.

37.     In a letter to Defendant dated November 21, 2011, Plaintiff, through counsel, identified
        the four State Farm policies referenced in ¶15-26 above, and requested that State Farm
        identify and confirm the auto insurance policies in effect as of January 3, 2008 that
        afforded coverage to Plaintiff.

38.     Defendant did not responded to Plaintiff's request that it identify and confirm the auto

4

insurance policies in effect as of January 3, 2008 that afforded coverage to Plaintiff

39. To date, State Farm has not paid, or offered to pay, any uninsured motorist insurance benefits to Plaintiff in connection with the January 3, 2008 collision.

40. Defendant's failure to pay or offer to pay any uninsured motorist insurance benefits to Plaintiff constitutes a breach of its contractual obligations to Plaintiff.

41. Defendant's failure to respond to Plaintiff's November 21, 2011 request that it identify and confirm the auto insurance policies in effect as of January 3, 2008 that afforded uninsured motorist insurance coverage to Plaintiff constitutes a constitutes a bad faith breach of its duty to exercise good faith in adjusting Plaintiff's first-party claim.

42. Defendant's March 18 refusal to pay or offer to pay any uninsured motorist benefits to Plaintiff in connection with the January 3, 2008 collision, despite its having neither sought nor obtained any medical opinion or medical report from a licensed medical or health care provider stating that Plaintiff sustained no injury to her cervical spine as a result of that collision, constitutes a bad faith breach of its duty to exercise good faith in adjusting Plaintiff's first-party claim.

<u>Claims Arising from May 21, 2009 Collision</u>

43. On May 21, 2009, at approximately 6:00 p.m., Plaintiff was driving her Toyota automobile on Williston Road in Williston.

44. A Dodge truck, driven by George Snide, pulled out of a driveway onto Williston Road and collided with Plaintiff's automobile.

45. George Snide failed to yield the right of way to Plaintiff.

46. George Snide was legally responsible for the May 21, 2009 collision and for any injuries

5

and damages sustained by Plaintiff as a result of the collision.

47. As a result of the May 21, 2009 collision, Plaintiff sustained injury to her cervical spine.

48. After the collision, Plaintiff experienced worsening neck pain and radiating upper extremity pain and numbness.

49. On June 15, 2010, Plaintiff underwent C5-6 discectomy and fusion surgery.

50. The June 15, 2010 cervical spine surgery provided partial relief of Plaintiff's symptoms.

51. Plaintiff has continued to suffer cervical spine pain and radiating upper extremity symptoms.

52. Subsequent to the June 15, 2010 cervical spine surgery, Plaintiff underwent cervical spine pain management injections.

53. As of May 21, 2009, the at-fault driver George Snide was covered under a Peerless auto liability policy, with per-person liability limits of $100,000.

54. On or about May 3, 2012, Peerless offered its full $100,000 liability policy limits to settle Plaintiff's claim for personal injuries arising from the May 21, 2009 collision.

55. By letter dated May 4, 2012, Plaintiff, through counsel, notified Defendant of an under-insured motorist claim relative to the May 21, 2009 collision.

56. By letter dated May 4, 2012, Plaintiff, through counsel, requested Defendant's consent to accept the policy limits settlement from Peerless.

57. By letter dated May 4, 2012, Plaintiff, through counsel, requested that Defendant obtain and send copies of each auto policy in effect as of May 21, 2009 including the complete uninsured motorist coverage provisions, along with copies of the applicable declaration pages.

58. By letter dated May 18, 2012, Defendant granted consent to accept the $100,000 policy limits settlement from Peerless.

59. As a result of the cervical spine injury caused by the May 21, 2009 collision, Plaintiff suffered and continues to suffer pain, impairment, loss of function, permanent bodily injury, and loss of enjoyment of life, and incurred medical bills and lost income.

60. Plaintiff's damages caused by the May 21, 2009 collision exceed the coverage limits of the Peerless policy.

61. The combined potential under-insured motorist insurance limits under the State Farm auto policies covering Plaintiff and in effect as of May 21, 2009 exceed the $100,000 Peerless liability limits under the Snide policy.

62. Defendant has not disputed and does not dispute that the at-fault driver Snide was legally responsible for the May 21, 2009 collision and for any injuries to Plaintiff resulting from that collision.

63. Defendant is obligated to pay uninsured / under-insured motorist insurance benefits to Plaintiff in connection with the May 21, 2009 collision.

64. Defendant owes Plaintiff a duty to pay any damages, up to the limits of its uninsured / under-insured motorist insurance coverage, less the $100,000 settlement from Peerless, to which she was legally entitled to recover from the at-fault driver in connection with May 21, 2009 collision.

65. Defendant's failure to pay or offer to pay uninsured / under-insured motorist insurance benefits to Plaintiff in connection with the May 21, 2009 collision constitutes a breach of its contractual obligations to Plaintiff.

7

66.     To date, State Farm has not paid, or offered to pay, any uninsured / under-insured

        motorist insurance benefits to Plaintiff in connection with the May 21, 2009 collision.

        WHEREFORE, Plaintiff Teresa Gade requests the following relief:

1.      A determination that Plaintiff is entitled to payment of uninsured / under-insured

        motorist insurance benefits under Defendants' policies;

2.      A determination that Defendant is in breach of its contractual obligations to

        Plaintiff;

3.      A determination that Defendant has engaged in bad faith in handling and adjusting

        Plaintiff's first-party claims;

4.      A determination of the amount of the uninsured motorist benefits and other

        damages due to her from Defendants;

3.      Prejudgement interest on all readily ascertainable damages, including medical

        bills and lost income;

6.      Plaintiff's costs of suit.

## DEMAND FOR JURY TRIAL

        Plaintiff requests a trial on all issues triable as of right by a jury.

Dated at Burlington, Vermont, this 31st day of December, 2013.

                                        TERESA GADE

                                By: _____

                                        Todd D. Schlossberg, Esq.
                                        Attorney for Plaintiff

8