U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 APR 27 PM 3: 59

CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TERESA GADE, )
)
    Plaintiff, )
)
v. ) Case No. 5:14-cv-00048
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
    Defendant. )

**ENTRY ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND
DENYING DEFENDANT'S MOTION FOR COSTS AND FEES INCURRED**
(Docs. 69, 72)

Pending before the court is Plaintiff Teresa Gade's motion to remand (Doc. 69) and Defendant State Farm Mutual Automobile Insurance Company's motion for costs and fees incurred (Doc. 72). Plaintiff seeks remand of this case to the Vermont Superior Court, arguing that Defendant cannot satisfy its burden to show the amount in controversy exceeds $75,000 exclusive of interests and costs, as required by 28 U.S.C. § 1332(a) for diversity jurisdiction. Defendant opposes the motion, contending that Plaintiff's motion is untimely and that there is no doubt that the amount in controversy exceeds $75,000. Defendant requests that it be awarded the costs and fees it incurred in opposing the motion to remand, which it contends is meritless.

Todd D. Schlossberg, Esq. represents Plaintiff. Richard H. Wadhams, Jr., Esq. and Robin O. Cooley, Esq. represent Defendant. The court took this matter under advisement on April 15, 2015.

**I.    Factual and Procedural Background.**

Plaintiff brought this action against Defendant, her automobile insurance carrier, for breach of contract and bad faith denial of insurance coverage based on claims she made for injuries she allegedly sustained in two automobile accidents. Plaintiff asserts

that she is entitled to uninsured motorist benefits for a January 3, 2008 collision, involving a motorist who left the scene of the accident. She alleges that as a result of the 2008 collision, she sustained physical injuries to her spine for which she underwent surgery, and she suffered pain and loss of enjoyment of life, which she continues to experience. Plaintiff alleges that she was involved in another accident on May 21, 2009, for which she obtained a settlement of $100,000. She alleges that she continues to suffer pain and loss of enjoyment of life as a result of this second accident.

On December 31, 2013, Plaintiff filed this action in the Vermont Superior Court, Chittenden Unit. On March 13, 2014, Defendant removed the action to this court under 28 U.S.C. §§ 1332(a), 1441, 1446(b), alleging diversity jurisdiction. On March 17, 2014, Plaintiff filed a motion to remand, arguing that Defendant could not demonstrate that the amount in controversy exceeds $75,000. She, however, withdrew the motion on March 20, 2014.

## II. Conclusions of Law and Analysis.

### A. Whether Plaintiff's Motion to Remand is Timely.

Defendant first asserts that Plaintiff's motion is untimely because she filed it more than thirty days after Defendant filed the notice of removal. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In considering a case where "[t]he crux of defendants' waiver claim is that by failing to raise the sufficiency of the amount in controversy in the district court in a timely motion to remand pursuant to section 1447(c)," the Second Circuit ruled:

> the subject matter jurisdiction of the federal courts is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants. Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail[] to challenge jurisdiction early in the proceedings.

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citation and internal

2

quotation marks omitted). Accordingly, Plaintiff's motion to remand is not untimely under 28 U.S.C. § 1447(c).

## B. Whether Plaintiff is Entitled to a Remand.

Defendant bears the burden of demonstrating that the amount in controversy exceeds $75,000. *See Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.") (quoting *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). "This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (quoting *Scherer*, 347 F.3d at 397).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* "If the plaintiff contests the defendant's allegation, . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 553-54. "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013).

In opposing remand, Defendant observes that at the time of the Complaint, Plaintiff asserted claims for medical costs of $44,998.48 for the 2008 collision and $71,540.48 for the 2009 collision. When Plaintiff submitted her initial disclosures, she asserted medical costs of $51,249.48 for the 2008 collision, medical costs of $94,876.94 for the 2009 collision, and $4,175 in lost income, which she later supplemented to claim

3

an additional $4,616 in lost income, in addition to her claims of pain and suffering and loss of enjoyment of life for an approximately six year period. Defendant points out that Plaintiff has sought payment for the full value of her uninsured and underinsured motorist policies, which collectively provide total coverage limits of $500,000. Plaintiff has presented no evidence to the contrary and has not stipulated that she will seek a damages award of less than $75,000, exclusive of interest and costs.

Plaintiff contends that the evidence on which Defendant relies cannot be considered because it was not part of the record at the time of removal. The court "evaluate[s] jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006). "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." *United Food*, 30 F.3d at 305. The Complaint does not specify the amount in controversy, but it refers to Plaintiff's "medical bills and lost income" and her "entitle[ment] to payment of uninsured/under-insured motorist insurance benefits under Defendant['s] policies[.]" (Doc. 5 at 8, ¶ 66.) Accordingly, the Complaint incorporates by reference the evidence on which Defendant now relies.

Plaintiff's recovery of the full value of her uninsured and underinsured policies which she has demanded would, alone, entitle her to $500,000.[1] She has also claimed medical costs in excess of $100,000. Based upon the record before the court, Defendant has satisfied its burden to prove by a preponderance of the evidence that Plaintiff seeks

---

[1] *Hall v. State Farm Mutual Automobile Insurance Co.*, on which Plaintiff relies, is distinguishable because "the plaintiff's complaint sought damages in excess of $15,000.00[,]" and other than a demand letter that requested the policy limits of $300,000, the court had no factual basis for concluding the amount in controversy had been met. *See Hall v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 2987678, at *2 (M.D. Fla. July 2, 2014); *cf. Noyola v. State Farm Lloyds*, 2013 WL 3353963, at *3 (S.D. Tex. July 3, 2013) (finding, where the policy limits were $180,775.00, "the insurance policy implicates an amount in controversy well-above the jurisdictional threshold").

4

damages, exclusive of interests and costs, well in excess of the $75,000 required by 28 U.S.C. § 1332(a). Plaintiff's motion to remand is therefore DENIED.

### C. Whether Defendant is Entitled to Costs and Fees.

Defendant requests its costs and fees for filing a response to Plaintiff's motion to remand, arguing that Plaintiff lacked factual and legal support for the relief requested therein. (Doc. 72.) As Plaintiff points out, costs and fees are generally not awarded in adjudicating a motion to remand. *See Circle Indus. USA, Inc. v. Parke Const. Grp., Inc.*, 183 F.3d 105, 108 (2d Cir. 1999) ("Although this statutory language clearly provides for attorneys' fees in connection with an order of remand, nothing in the statute allows for a grant of attorneys' fees where, as here, the defendant successfully *resists* such an order."); *Fleet Nat'l Bank v. Weightman Grp.*, 2003 WL 21781967, at *3 (S.D.N.Y. June 19, 2003) ("[Section 1447(c)], by its terms, only provides that sanctions may be awarded on remand for costs incurred 'as a result of the removal.'").

The only other basis for an award of fees and costs is Rule 11 of the Federal Rules of Civil Procedure, which provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2).

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Rule 11 contains a "safe harbor" which allows a non-moving party to avoid sanctions if the original motion "is withdrawn or appropriately corrected within 21 days[.]" *Id.*; *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("The safe-harbor provision is a strict procedural requirement."). Accordingly, even if Defendant is correct that Plaintiff's motion to remand failed to reflect adequate research and was not filed in good faith,

Defendant has not complied with Rule 11 and cannot receive fees and costs on that basis. Defendant's motion for costs and fees is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion to remand (Doc. 69). The court DENIES Defendant's motion for costs and attorney's fees incurred (Doc. 72).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of April, 2015.

Christina Reiss, Chief Judge
United States District Court