UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUN -6 AM 11: 00

CLERK

BY_____*ithw*_____
DEPUTY CLERK

| | | |
|---|---|---|
| TERESA GADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:14-cv-00048 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER
REQUIRING DEFENDANT TO PAY PLAINTIFF'S EXPENSES AND FEES**
(Doc. 116)

Pending before the court is Plaintiff Teresa Gade's motion for an order requiring
Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), her
automobile insurance carrier, to pay expenses and fees that she incurred in opposing
Defendant's motion to compel. (Doc. 116.) The court held oral argument on January 21,
2016, at which time the court took the motion under advisement.

Plaintiff is represented by Todd D. Schlossberg, Esq. State Farm is represented by
Richard H. Wadhams, Jr., Esq. and Robin O. Cooley, Esq.

**I.    Factual and Procedural Background.**

On January 3, 2008 and May 21, 2009, Plaintiff was involved in automobile
collisions that she alleges caused her physical injury, pain, suffering, and loss of
enjoyment of life. State Farm denied her claims for uninsured/underinsured motorist
benefits. Plaintiff's Complaint seeks to recover uninsured/underinsured motorist benefits
and damages arising out of the alleged collisions.

On October 14, 2014, Plaintiff disclosed her biomechanical expert, John Smith,
P.E. Defendant asked that Mr. Smith have his files with him at the time of his deposition,
but Defendant did not ask to inspect his files before or during the deposition. On April

17, 2015, Defendant deposed Mr. Smith via Skype.  During the deposition, Defendant's attorney asked Mr. Smith for a "complete copy of [his] file, other than communication between [him] and [Plaintiff's attorney] . . . [including] everything that [he had] self-generated[.]"  (Doc. 114-1 at 2.)  Defendant's attorney responded "[y]es" when asked if Mr. Smith should include "[his] calculations[.]"  *Id.*

On April 20, 2015, Plaintiff produced a copy of Mr. Smith's file, including eight pages of data and calculations in PDF format.  *See* Doc. 110 at 3 & n.2 (noting production of Mr. Smith's thirty-five page report, which, according to Plaintiff, "amply detail[ed] the facts and data he considered in forming [his] opinions" and included "his *cv*, a statement of his fees, and his list of four-years' prior testimony").  Defendant contends that this production did not provide a means for it to determine all of the underlying calculations Mr. Smith used to arrive at his conclusions.  On July 28, 2015, August 20, 2015, and September 10, 2015, Defendant requested Mr. Smith's files in Excel format, which Defendant believed would show the underlying calculations and inputs on which Mr. Smith relied.  During a September 10, 2015 telephone conference, Plaintiff advised Defendant that if Mr. Smith's files existed in Excel format, Plaintiff would produce them.

On September 15, 2015, October 7, 2015, and October 13, 2015, Defendant made additional written requests for Mr. Smith's files in Excel format.  On October 13, 2015, Plaintiff responded that she would not produce Mr. Smith's files in Excel format because his files, including his "unredacted calculations" and "the applicable formulas[,]" had previously been produced in PDF format.  (Doc. 106-8 at 1.)  Plaintiff invited Defendant to cite "some applicable rule or decision that allows a party to compel another party's expert to produce work-product files in a particular format[.]"  *Id.*  Although Defendant certified that it made the foregoing informal requests for Mr. Smith's files in Excel format, Defendant did not make a formal request for this information at any time.

On October 30, 2015, Defendant filed a motion to compel production of Mr. Smith's files in Excel format.  On November 13, 2015, Plaintiff filed an opposition to Defendant's motion and attached an annotated version of Mr. Smith's data pages,

2

although Plaintiff did not produce Mr. Smith's files in Excel format. These annotations included "detailed explanations of the calculations, equations, inputs, and entries, with colored explanation notes." (Doc. 116 at 5-6.) Plaintiff further offered that Mr. Smith was "willing to confer and discuss the calculations with the defense expert at no charge." *Id.*

The parties agree that Defendant's motion to compel is now moot. Defendant does not seek attorney's fees or expenses in connection with that motion. Plaintiff, however, requests an order requiring Defendant to pay her expenses and fees incurred in opposing Defendant's motion. In support of her request, Plaintiff submitted an invoice from Mr. Smith in the amount of $1,330.00 for the three and a half hours he spent reviewing Defendant's motion to compel and "[p]repar[ing] detailed annotation of calculation sheets to assist [the] defense expert with understanding basic equations and physics." (Doc. 117-2 at 1.)

During the January 21, 2016 hearing, Defendant represented that a "good deal" of the parties' discovery had been informal, including requests from both sides for various items of discovery.[1] With respect to Plaintiff's motion for fees and expenses, Defendant reported that Plaintiff did not advise it ahead of time that Mr. Smith would be performing additional work to produce his files in an electronic format.[2]

## II.   Legal Conclusions and Analysis.

### A.   Whether Mr. Smith's Underlying Calculations are Within the Scope of Mandatory Expert Disclosure.

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, nonprivileged information, which "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rule 26(a)(2) governs the mandatory production of expert disclosures and requires that an expert disclosure be accompanied by a report

---

[1] Plaintiff concedes that the parties had engaged in informal discovery prior to the motion to compel, but emphasized that Defendant had failed to make a formal request for Mr. Smith's files in Excel format prior to filing its motion to compel.

[2] Plaintiff acknowledges that the information Defendant sought was partially in existence at the time of Defendant's requests but notes that Mr. Smith nonetheless incurred expenses responding to the motion to compel.

containing "the facts or data considered by the witness in forming" his expert opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). Although Plaintiff objected to producing Mr. Smith's files in Excel format, it is undisputed that the supplemental expert production she attached to her opposition to Defendant's motion to compel includes facts and data considered by her expert witness in forming his opinions and that Mr. Smith relied on this data to reach his conclusions. Pursuant to Rule 26(a)(2), Plaintiff was thus required to produce the facts and data underlying Mr. Smith's conclusions as part of her initial expert disclosure.

While "[a] responding party may generally produce documents in the format of their choice[,]" *Melian Labs Inc. v. Triology LLC*, 2014 WL 4386439, at *2 (N.D. Cal. Sept. 4, 2014), Rule 34 permits a party seeking electronically stored information to specify the form of production and request the underlying metadata. *See* Fed. R. Civ. P. 34(b)(1)(C) (stating that a request for discovery permitted under Rule 26(b) "may specify the form in which electronically stored information is to be produced"); *see also Aguilar v. Immigration & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 362 (S.D.N.Y. 2008) ("[T]he relevance of metadata to an Excel spreadsheet depends upon its complexity and purpose. When a spreadsheet relies on mathematical formulas, the metadata that discloses those formulas often is necessary for a thorough understanding of the spreadsheet").

Here, Defendant informally and repeatedly requested that Plaintiff produce Mr. Smith's files in Excel format. Plaintiff refused to produce Mr. Smith's files in Excel format because it would disclose Mr. Smith's proprietary source code information, and instead provided a supplemental expert disclosure. After receiving this supplemental discovery, Defendant advised that, although the files in Excel format "might provide further information regarding Mr. Smith's inputs, Defendant now has sufficient information to assess the basis and reasons for Mr. Smith's opinions as well as the facts and data used by Mr. Smith to form his opinions." (Doc. 114 at 1 n.1.) Plaintiff thus complied with her duty of disclosure and Defendant properly withdrew its motion to compel.

4

**B.**     **Whether Defendant Complied with Local Rule 26.**

Prior to filing a motion to compel, the moving party must satisfy the requirements of Local Rule 26(d), which requires the movant to "confer[] with opposing counsel in a good faith effort to reduce or eliminate the controversy or arrive at a mutually satisfactory resolution." L.R. 26(d)(1).  A discovery motion must be accompanied by an affidavit from counsel containing the following information:

(A)     certification that counsel have conferred in good faith to resolve the dispute without court intervention;
(B)     dates of consultation with opposing counsel;
(C)     names of the participants;
(D)     length of time of the conferences;
(E)     any issues still unresolved; and
(F)     the reasons for the unresolved issues.

L.R. 26(d)(2).

According to Plaintiff, Defendant "engaged in no substantive discussion whatsoever" before filing the motion to compel.  (Doc. 116 at 7.)  However, Defendant made six informal written requests for Mr. Smith's files in Excel format from July 28, 2015 through October 13, 2015.[3]  Defendant also made an oral request for the information during a September 10, 2015 telephone call, after which Plaintiff initially stated that she would produce Mr. Smith's files in Excel format, but later declined to do so.  In addition, Defendant specifically requested a "complete copy" of Mr. Smith's file during his Skype deposition, including his calculations and "everything that [he had] self-generated[.]"  (Doc. 114-1 at 2.)

Admittedly, the better practice would have been for Defendant to make a formal request Mr. Smith's files and underlying calculations prior to his deposition.  However, "it is not the responsibility of opposing counsel to elicit the disclosures required from

---

[3] Although the Second Circuit has not directly addressed this issue, at least two district courts have held that a party must make a formal request for discovery before filing a motion to compel.  *See Vigliotti v. Selsky*, 2013 WL 3354423, at *3 (W.D.N.Y. July 3, 2013) (refusing to compel production where party requested documents informally because "such requests are not enforceable absent a formal demand"); *Harding v. Town of Greenwich*, 2010 WL 4681250, at *2 (D. Conn. Nov. 4, 2010) (denying motion to compel where movant's "informal requests were not the subject of a formal discovery request").

required from experts; Rule 26 clearly places that burden squarely on the party who has retained the expert." *Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 234 (D.D.C. 2011). In this case, in light of the parties' course of conduct and Plaintiff's and Mr. Smith's representations that the information would be provided, Defense counsel's repeated attempts to obtain Mr. Smith's files in Excel format prior to seeking court intervention, in conjunction with its affidavit supporting the motion to compel, satisfy the requirements of Local Rule 26(d)(2).

### C.     Whether Plaintiff is Entitled to Sanctions or Expenses and Fees.

Plaintiff has moved for sanctions and an award of expenses and fees that she incurred while opposing Defendant's motion to compel. Rule 37 governs the issuance of sanctions and awards for fees and expenses based on discovery violations and states that if a motion to compel is granted or discovery is provided after a motion is filed, "the court must . . . require the party . . . whose conduct necessitated the motion[] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[, unless] other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

If a motion to compel is denied, the court must order the movant "to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Rule 37(c)(1)(A) provides that the court "may" impose sanctions for failure to provide discovery. *See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (holding that imposition of sanctions under Rule 37 is "within the discretion of the district court"); *see also Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) (noting "a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs[,]" and opining that where the "breach of a discovery obligation is the non-production of evidence, a district court has broad discretion [to deny or grant a request for sanctions]").

6

Prior to the hearing on Defendant's motion to compel, Plaintiff provided a supplemental expert disclosure that contained the underlying data and calculations Mr. Smith utilized in reaching his expert opinions.  The history of the parties' discovery dispute does not reveal any willful non-compliance with discovery obligations, but rather a genuine dispute wherein each side believed that it was "substantially justified" in its position.  Fed. R. Civ. P. 37(c)(1).  Both parties had a reasonable basis in fact and law for their positions and they each acted in good faith.  Plaintiff did not advise Defendant that she or Mr. Smith would incur any additional costs in providing information she was obligated to produce as part of her initial disclosure.  In such circumstances, it would be unreasonable and unfair to require Defendant to pay Mr. Smith to respond to a motion to compel that arguably should have been unnecessary.  Accordingly, an award of sanctions, expenses, and fees is not warranted in this case.

## CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for an order requiring Defendant to pay Plaintiff's expenses and fees incurred in opposing Defendant's motion to compel (Doc. 116).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of June, 2016.

Christina Reiss, Chief Judge
United States District Court