U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 AUG -4 PM 2:08

CLERK

BY  L*w
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TERESA GADE, )
  )
  Plaintiff, )
  )
v. ) Case No. 5:14-cv-00048
  )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
  )
  Defendant. )

**ENTRY ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND
GRANTING PLAINTIFF'S MOTION TO STRIKE**
(Docs. 129 & 130)

Pending before the court is a motion for partial summary judgment on Plaintiff Teresa Gade's claims of breach of contract (Doc. 129), filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm). In response, Plaintiff filed a motion to strike the motion as untimely (Doc. 130), which Defendant opposes. Plaintiff is represented by Todd D. Schlossberg, Esq. State Farm is represented by Richard H. Wadhams, Jr., Esq. and Robin O. Cooley, Esq.

**I.   Factual and Procedural Background.**

On January 3, 2008 and May 21, 2009, Plaintiff was involved in automobile collisions that she alleges caused her physical injury, pain, suffering, and loss of enjoyment of life. In the 2008 accident, the driver of the other vehicle was never identified. After the 2009 incident, State Farm consented to Plaintiff's settlement with the other driver, and the other driver's insurance company paid Plaintiff $100,000 under the limits of his personal auto insurance policy.

Each of Plaintiff's three auto policies included uninsured/underinsured motorist benefits ("UM/UIM") coverage of $100,000/$300,000 and provided:

> We will pay damages for *bodily injury* or *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* or *property damage* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.
>
> . . .
>
> **Deciding Fault and Amount**
>
> Two questions must be decided by agreement between the insured and us:
>
> 1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*; and
>
> 2. If so, in what amount?
>
> If there is no agreement and both parties consent, these questions shall be decided by arbitration.

(Doc. 129-3 at 5.) State Farm ultimately denied Plaintiff's claims for UM/UIM benefits.

On December 31, 2013, Plaintiff filed a Complaint alleging, among other things, breach of contract claims. With respect to the 2008 accident, Plaintiff alleges that State Farm's "failure to pay or offer to pay any uninsured motorist insurance benefits to Plaintiff constitutes a breach of its contractual obligations to Plaintiff." (Doc. 5 at 5, ¶ 40.) She further contends that State Farm "owes Plaintiff a duty to pay any damages, up to the limits of its uninsured/under-insured motorist insurance coverage, less the $100,000 settlement from [the other driver's insurance company], to which she was legally entitled to recover from the at-fault driver in connection with the May 21, 2009 collision[,]" and that State Farm's refusal to pay UM/UIM benefits "constitutes a breach of its contractual obligations to Plaintiff." *Id.* at 7, ¶¶ 64-65.

On July 13, 2015, the court signed the parties' Third Amended Stipulated Discovery Schedule/Order (the "Scheduling Order"). Pursuant to the Scheduling Order, "[m]otions, including summary judgment motions but excluding motions relating to the conduct of the trial," were to be filed "on or before **January 15, 2016**." (Doc. 91 at 2.)

On June 21, 2016, State Farm filed the pending motion seeking a ruling that State Farm is entitled to summary judgment on all of Plaintiff's breach of contract claims. In

2

doing so, State Farm did not move to extend the Scheduling Order's motions deadline. On July 14, 2016, Plaintiff filed her motion to strike, arguing State Farm's motion is untimely and that it will be prejudicial for her to oppose, and for the court to adjudicate, a motion for summary judgment on the eve of trial.

## II.    Legal Conclusions and Analysis.

In its motion, State Farm seeks entry of partial summary judgment in its favor on Plaintiff's breach of contract claims. State Farm contends that, as a matter of law, there is no contractual breach because the parties have not "decided by agreement[,]" and there has been no determination by arbitration or jury verdict, whether Plaintiff is "legally entitled to collected damages from the owner or driver of the uninsured motor vehicle" and the amount she is entitled to collect, if any. (Doc. 129-3 at 5.)

Rule 16(b) requires the court to enter scheduling orders and provides that "the district judge . . . must issue a scheduling order[,]" which "must limit the time to . . . file motions." Fed. R. Civ. P. 16(b)(1), (b)(3)(A).[1] "A schedule may be modified only for good cause and with the judge's consent." *Id.* at (b)(4). State Farm filed its motion for partial summary judgment more than five months after the motions deadline expired. State Farm identifies no persuasive reason why it could not file a timely motion, or include its arguments in the two previous summary judgment motions it filed. State Farm's claim that Plaintiff will suffer no prejudice if the filing deadline is extended ignores the fact that its motion will require Plaintiff to divert the time and resources needed for trial preparation to respond to a summary judgment motion. The court will also need to expend time and resources to adjudicate a belated summary judgment motion. Neither the facts contained in State Farm's summary judgment motion, nor the legal issues raised are new developments. Instead, they existed at the time of the filing of

---

[1] *See also* Local Rule 26(a)(4)(J) (requiring proposed discovery schedules to include a "motion filing deadline, including summary judgment motions but excluding motions related to the conduct of the trial").

this lawsuit. Against this backdrop, State Farm has not been diligent in filing its motion and has failed to establish good cause for extending the court's Scheduling Order.[2]

Even if State Farm is correct that it is entitled to judgment as a matter of law on Plaintiff's breach of contract claims, at this late date, the appropriate remedy would not be dismissal. "Under the Federal Rules, pleadings are not ends in themselves, but are simply the means by which a case is presented to a tribunal." *N.Y. State Elec. & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 104 (2d Cir. 1996). Rule 15(b) provides that:

> [i]f, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.

Fed. R. Civ. P. 15(b)(1).[3] "Under the Federal Rules of Civil Procedure, the amendment is treated as though it were made at the time of the original pleading." *Hogan v. Wal-Mart Stores, Inc.*, 167 F.3d 781, 784 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(c)(1)(B) (authorizing amendment to relate back to "the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading").

---

[2] *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("a finding of 'good cause' depends on the diligence of the moving party"); *see also Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (denying motion to amend where the motion was filed "four months, a substantial amount of time, after the deadline in the Scheduling Order [had] passed" and it was "time for [the] case to move forward"); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 150-51 (S.D.N.Y. 2003) (denying motion to amend discovery schedule as untimely where moving party "had knowledge of the facts and circumstances in the case for a period of several years and could have made their motion within the specified time period" and therefore concluding that moving party had exhibited a "lack of diligence and absence of good cause for such a delay").

[3] *See also Hillburn by Hillburn v. Maher*, 795 F.2d 252, 264 (2d Cir. 1986) (observing that, under Rule 15(b), "(1) a motion to amend the pleadings to conform them to the evidence may be made at any time; (2) if the motion is made during trial, either in response to an objection to evidence concerning issues not raised by the pleadings or without such an objection, it may be granted if the party against whom the amendment is offered will not be prejudiced by the amendment, and it should be granted in the absence of prejudice if the interests of justice so require").

Rule 15(b) permits Plaintiff to move to conform her Complaint to the proof at trial, thereby potentially curing any defects in her pleadings. State Farm will suffer no prejudice if she does so because the factual and legal basis of her claims are "no surprise to" State Farm. *Hogan*, 167 F.3d at 784; *see also Jones v. Still-Man Mfg., Div. of Teledyne, Inc.*, 1972 WL 217, at *2 (S.D.N.Y. Oct. 16, 1972) (permitting plaintiff to file amended complaint where defendant would not be "substantially prejudiced" because "there is no surprise in a fundamental sense, although the pleading left something to be desired in clarity").

By the same token, Plaintiff can claim no prejudice if State Farm moves in limine to have her breach of contract claims treated as a request for a determination of the amount owed under the policy, or if State Farm moves for a directed verdict on her breach of contract claims.

An untimely summary judgment motion at this late stage in the proceedings will be prejudicial because it may delay the trial, will inevitably increase the cost of these proceedings, and will require Plaintiff to divert resources needed for trial preparation. Because there are less inconvenient and prejudicial means of addressing State Farm's legal arguments, use of the summary judgment process is unnecessary and unwarranted. *See* Fed. R. Civ. P. 1 (requiring that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding") (emphasis supplied).

## CONCLUSION

For the foregoing reasons, State Farm's motion for partial summary judgment is hereby DENIED (Doc. 129), and Plaintiff's motion to strike is GRANTED. (Doc. 130.) SO ORDERED.

Dated at Burlington, in the District of Vermont, this 4th day of August, 2016.

Christina Reiss, Chief Judge
United States District Court